UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUKA MASIC,

        Plaintiff,

v.

ELTMAN, ELTMAN &COOPER, P.C.,
MULLOOLY, JEFFREY, ROONEY & FLYNN,
LLP and MERRIMAN INVESTMENT, LLC

        Defendants.

---

Civil Action No.:

**13 CV 5025**

JUDGE SEIBEL

## COMPLAINT
(Jury Trial Demanded)

Plaintiff, Luka Masic ("Plaintiff"), brings this action to secure redress against unlawful debt collection practices engaged in by defendants, Eltman, Eltman & Cooper, P.C. ("EEC"), Mullooly Jeffrey Rooney Flynn, LLP ("MJRF") and Merriman Investment, LLC ("Merriman" and together with EEC and MJRF "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1.    The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2.    Venue in this Court is proper because (a) Defendants transact business in this venue, and (b) Defendants' debt collection activities to Plaintiff were conducted in this venue.

### NATURE OF THIS ACTION

3.    In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Fair Debt

Collection Practices Act (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"]) and New York General Business Law §349 ("§349").

## PARTIES

4. Plaintiff is a natural person residing in Westchester County, State of New York.

5. Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the FDCPA, and according to Defendants, Plaintiff allegedly owed a debt as that term is defined by 15 U.S.C. § 1692*a*(5).

6. Upon information and belief, EEC is a law firm engaged in the collection of debt in New York State, registered as a domestic professional corporation with the New York Secretary of State, with its principal place of business at 140 Broadway, New York, New York 10005.

7. Upon information and belief, EEC is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

8. Upon information and belief, MJRF is a law firm engaged in the collection of debt in New York State, registered as a domestic limited liability partnership with the New York Secretary of State, with its principal place of business at 6851 Jericho Turnpike Syosset, New York, 11791-9036.

9. Upon information and belief, MJRF is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

10. Upon information and belief, Merriman is a Delaware limited liability corporation engaged in the collection of debts in the State of New York, registered as a

2

foreign business, with the New York Secretary of State with its principal place of business at 140 Broadway, New York, New York 10005.

11. Upon information and belief, Merriman is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are owed or due or alleged to be owed or due to others.

## FACTS

### I. The 2003 Debt Collection Law Suit

12. Unbeknownst to Plaintiff, in or about July 2003, on behalf of non-party Capital One Bank ("Capital One"), MJRF filed a debt collection lawsuit relating to an alleged debt (the "Alleged Debt") in the City Court of the City of Yonkers, State of New York proceeding under the caption *Capital One Bank v. Luka Masic*, Index No.: cv1797-06 3 (the "Debt Collection Lawsuit").

13. The Alleged Debt Capitol One and MJRF were seeking to collect arose out of a transaction which was primarily for personal, family, or household purposes.

14. In an application for a default judgment, attorney Gerald W. Flynn, Esq., a named partner with the firm MJRF, under penalty of perjury attested to service of process in the Debt Collection Lawsuit at 21 Cantitoe Road, Yonkers, New York. At the time of the alleged service, Plaintiff did not reside at 21 Cantitoe Road, Yonkers, New York.

15. In further support of its application for a default judgment, MJRF submitted an affidavit of service which falsely stated that the affiant claimed to have spoken with a "Ms. Watson" at 23 Cantitoe Road, Yonkers, New York who confirmed that Plaintiff lived at the address allegedly served. That statement and the affidavit of service submitted by MJRF are false because, *inter alia*, according to the United States Postal Service 23 Cantitoe Road is an address that does not exist.

3

16. Despite the false proof of service submitted by MJRF, unbeknownst to Plaintiff, a default judgment was entered in the Debt Collection Law Suit on November 14, 2003 against Plaintiff and in favor of Capital One (the "Judgment").

17. Plaintiff first learned of the Judgment in or about July, 2012 when he learned that his bank account had been restrained by EEC.

## II  The Faulty Assignment

18. New York Civil Practice Laws and Rules ("CPLR") Section 5019(c) provides in relevant part that "[a] person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order. Upon such filing the clerk shall make an appropriate entry on his docket of the judgment."

19. After July 27, 2013, Plaintiff learned that, presumably pursuant to CPLR 5019(c), an alleged attempt to assign the Judgment from Capital One to Merriman had been made in or about December, 2011 (the "Faulty Assignment").

20. Upon information and belief, no effort was made to notify Plaintiff of the Faulty Assignment.

21. In support of its efforts to assign the Judgment, an affidavit and assignment of judgment was executed by Mr. Rory Boyle, as agent in fact for Capital One Bank (the "Affidavit and Assignment of Judgment").

4

22. Upon information and belief, on January 17, 2012, EEC apparently filed the Affidavit and Assignment of Judgment with the Clerk of Court, City Court, City of Yonkers and included as its alleged basis a limited power of attorney (the "Power of Attorney").

23. The Power of Attorney makes no mention whatsoever of Capital One and is in fact executed by non-party NCO Portfolio Management, LLC ("NCO") as assignor and Merriman as assignee.

24. Upon information and belief, at the time he executed the Affidavit and Assignment of Judgment, Rory Boyle was not an officer, director or employee of Capital One nor did he have personal knowledge of the Judgment or the Debt Collection Lawsuit.

25. For the foregoing reasons, upon information and belief, a valid assignment of judgment does not exist.

26. Upon information and belief, Rory Boyle, with his father James Boyle, is a father-son team who own the well known, non-party debt collection agency Erin Capital Management LLC ("Erin Capital").

27. In fact, according his LinkedIn professional social networking profile, Rory Boyle is the "founder" of Merriman and the "CFO/COO" of EEC. (See, http://www.linkedin.com/pub/rory-boyle/12/666/27 last visited July 12, 2013).

28. Upon information and belief, Merriman was formed by Rory and James Boyle to, among other things, purchase and collect portfolios of delinquent consumer debts for pennies on the dollar including civil money judgments such as the Judgment herein.

5

29. Upon information and belief, EEC's primary clients are Erin Capital, its clients and its affiliated entities such as Merriman formed by Rory and James Boyle.

30. Upon information and belief, Rory Boyle, James Boyle and other non-attorneys direct the operations of the law-firm EEC. According to the New York State Unified Court System, online attorney search portal, neither Rory nor James Boyle are New York registered attorneys.

31. Upon information and belief, EEC, Merriman, and Erin are all affiliated enterprises operating out of the same offices at 140 Broadway, New York, New York.

32. Upon information and belief, EEC does not operate as a traditional independent law firm but rather as the in-house legal department of Erin and its affiliated enterprises, including Merriman. Upon information and belief, at the direction of Rory Boyle and James Boyle, EEC's only area of endeavor is collecting consumer debts and enforcing civil money judgments through the courts.

II **EEC and Merriman's Judgment Enforcement Efforts**

33. On or about July 27, 2012, EEC on behalf of Merriman served JPMorgan Chase Bank with a restraining notice pursuant to CPLR §5222 and an Information Subpoena pursuant to CPLR §5224 (collectively the "Enforcement Documents").

34. The Enforcement Documents fail to identify Merriman as the current creditor attempting to collect the Alleged Debt. In fact, on the cover letter sent by EEC to Plaintiff's bank enclosing the Enforcement Documents, EEC fails to identify Merriman as its client or to communicate in any way that anyone other than Capital One is the entity attempting to collect the Alleged Debt.

6

35. Due to the Faulty Assignment, the Enforcement Documents each falsely represent the character, amount and legal status of the Alleged Debt in violation of the FDCPA.

36. Due to the Faulty Assignment, the Enforcement Documents each attempted to take action that could not legally be taken in violation of the FDCPA.

37. By using the name Capital One and not identifying that Merriman was in fact the entity collecting the Alleged Debt, the Enforcement Documents each falsely stated a business, company, or organization name other than Merriman's true name in violation of the FDCPA.

38. Prior to EEC's efforts to enforce the Judgment on behalf of Merriman, Plaintiff did not receive notice that an attempted assignment of the judgment had been made.

39. After July 27, 2012, Plaintiff retained counsel to successfully dispute the Judgment and release the restrained bank account. Such retention came at a monetary expense to Plaintiff thereby causing him actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

40. It was not until Plaintiff retained counsel who was informed by EEC that an attempt to assignment the judgment had been made.

41. Upon information and belief, EEC authored and processed the Enforcement Documents without conducting any meaningful review of Plaintiff's account information. In particular, the Enforcement Documents bear the name and signature of an EEC attorney. However, upon information and belief, no EEC attorney

7

reviewed the underlying legal file or consumer account before disseminating the Enforcement Documents.

42. In fact, under the signature line of the Enforcement Documents, three attorney names are listed. The signature itself is illegible making it impossible to determine which if any of the three listed attorneys claim to have signed the Enforcement Documents.

43. Upon information and belief, the Enforcement Documents are illustrative of a pattern and practice of Defendants disseminating, *en masse*, judgment enforcement devices produced by non-lawyers, at the instruction of non-lawyers and without meaningful lawyer review or supervision and without the application of any independent attorney judgment.

44. In the instant case, the lack of any meaningful attorney review of the underlying legal file or consumer account resulted in the failure to identify the various legal inadequacies of the Faulty Assignment and Merriman's clear lack of legal standing to employ the Enforcement Devices.

45. Without a valid assignment of judgment, EEC and Merriman were not able to rely on the authority of the City Court of the City of Yonkers to enforce the Judgment through, among other things, the use of the Enforcement Documents.

46. EEC and Merriman knew or should have known that Plaintiff had not been notified of the attempted assignment of the Judgment from Capital One to Merriman at the time EEC and Merriman took collection actions against Plaintiff.

47. EEC and Merriman should have known that in the absence of notification to the consumer of a change in the identity of the creditor, EEC and Merriman were not

8

able to rely on the authority of the City Court of the City of Yonkers to enforce the Judgment on behalf of a purported judgment assignee through the use of the Enforcement Documents.

48. EEC and Merriman falsely represented in the Enforcement Documents that they had the authority to enforce the Judgment entered in favor of Capitol One.

49. EEC falsely represented in the Enforcement Documents that it represented Capitol One because the Enforcement Documents failed to identify that anyone other than Capitol One held ownership of the Judgment.

50. Upon information and belief, EEC did not take any steps to review the files of Capitol One, Merriman or the City Court of the City of Yonkers file or the file of the County Clerk to ensure that a proper and effective assignment of judgment had been made.

51. Upon information and belief, EEC and Merriman's use of the Enforcement Documents to enforce a Judgment on behalf of an alleged assignee (a) without EEC's knowing that an invalid assignment of judgment had been filed, (b) without any notification having been given to the Plaintiff of the Faulty Assignment, and (c) without taking steps to ensure that a valid and proper assignment of judgment had been filed are part of the business plan developed by EEC and Merriman whose high volume consumer debt buying and collection practices are more profitable by not conducting meaningful and effective pre-enforcement review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false and deficient enforcement efforts.

## FIRST CAUSE OF ACTION
## <u>VIOLATION OF THE FDCPA</u>
## (15 U.S.C. § 1692 et. seq.)

52. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

53. Upon information and belief, it is the regular practice of Defendant MJRF to not require that consumer debt collection complaints be properly served on defendants in consumer debt collection cases including the Debt Collection Lawsuit.

54. Upon information and belief, it is the regular practice of Defendant MJRF to direct service of consumer debt collection complaints at locations MJRF knows or should know the targeted consumer does not reside as is the case with Plaintiff herein.

55. Upon information and belief, it is the regular practice of Defendant MJRF to move for default judgments when it knows or should know that the judgment sought is based on ineffective and invalid service of process as is the case with Plaintiff herein.

56. Upon information and belief, it is the regular practice of Defendant MJRF to file and thereby rely on pleadings that purport to bear the name and signature of an attorney, but without any attorney meaningfully reviewing the underlying file and account, and on information and belief, without reviewing the underling documents themselves as is the case with Plaintiff herein.

57. MJRF's failure to conduct any meaningful review of Plaintiff's file prior to filing the Debt Collection Lawsuit resulted in, among other things, the wrongful restraint of Plaintiff's bank account.

58. Rather, upon information and belief, MJRF's review of Plaintiff's file, if any, was cursory and did not involve the exercise of independent attorney judgment.

59. Upon information and belief, it is the regular practice of Defendant MJRF to continue to prosecute consumer debt collection lawsuits and to enforce default judgments after it becomes aware or should become aware that the consumer was never properly served with service of process as is the case with Plaintiff herein.

60. By taking consumer debt collection actions against Plaintiff, including but not limited to filing the Debt Collection Lawsuit and moving for default judgment, without conducting any meaningful attorney review of the Plaintiff's consumer debt file, MJRF violated the FDCPA in, *inter alia*, the following ways:

   (a) 15 U.S.C. §1692e(3) by disseminating a communication without conducting a meaningful review of underlying legal file or consumer account;

   (b) 15 U.S.C. §1692e(10) in that MJRF made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

   (c) 15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

   (d) 15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt;

61. A person who steps into the shoes of a judgment creditor must do so through a proper and effective written assignment of judgment in full compliance with CPLR 5019(c). Absent such a written assignment, the purported assignee has no legal entitlement to enforce the judgment.

62. The Faulty Assignment is ineffective and invalid for two reasons; firstly because Plaintiff was not given actual notice of the attempted assignment; and secondly, because the Power of Attorney which purports to form the basis and authority for the Faulty Assignment was executed by non-party NCO and not the purported assignee Merriman.

11

63. EEC and Merriman's consumer debt collection actions detailed herein, including but not limited to service of the Enforcement Documents included false representations, inasmuch as EEC and Merriman knew or should have known that the Faulty Assignment was ineffective and EEC and Merriman were therefore not legally entitled to take any steps to enforce the Judgment.

64. By taking consumer debt collection actions against Plaintiff, including but not limited to restraining his bank account, when not legally entitled to do so, EEC and Merriman violated the FDCPA in, *inter alia*, the following ways:

   (a) 15 U.S.C. §1692e(2) in that they made false representations of the character, amount, or legal status of the Alleged Debt;

   (b) 15 U.S.C. §1692e(3) by disseminating a communication without conducting a meaningful review of underlying legal file or consumer account;

   (c) 15 U.S.C. §1692e(5) in that they threatened, or by extension took, action that cannot legally be taken;

   (d) 15 U.S.C. §1692e(10) in that they made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

   (e) 15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

   (f) 15 U.S.C. §1692f in that attempted to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law;

   (g) 15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

65. Defendants EEC and Merriman served the Enforcement Documents that purport to bear the name and signature of one of three attorneys affiliated with EEC, but without any attorney reviewing the underlying file and account, and on information and belief, without reviewing the underling documents themselves.

12

66. Upon information and belief, EEC's failure to conduct any meaningful review of the file prior to serving the Enforcement Documents are part of the pattern and business practices of EEC and Merriman in which non-attorneys, including but not limited to Mr. Rory Boyle, direct the consumer debt collection policies and procedures of EEC.

67. EEC's failure to conduct any meaningful review of the file prior to serving the Enforcement Documents resulted in the wrongful restraint of Plaintiff's bank account. Such failure included, but was not limited to, failing to ascertain whether a proper valid and enforceable assignment of the Judgment had been made pursuant to CPLR §5019(c) and failing to review whether Plaintiff had been given actual notice of the Faulty Assignment.

68. Rather, upon information and belief, EEC's review of Plaintiff's file, if any, was cursory and did not involve the exercise of independent attorney judgment.

69. By taking consumer debt collection actions against Plaintiff, including but not limited to restraining his bank account, without conducting any meaningful attorney review of the Plaintiff's consumer debt file, EEC and Merriman violated the FDCPA in, inter alia, the following ways:

  (e) 15 U.S.C. §1692e(3) by disseminating a communication without conducting a meaningful review of underlying legal file or consumer account;

  (f) 15 U.S.C. §1692e(10) in that they made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

  (g) 15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

  (h) 15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

70. By serving the Enforcement Documents without disclosing the attempted assignment of the Judgment, Defendants EEC and Merriman failed to identify Merriman as the current creditor attempting to collect the Alleged Debt.

71. By using and relying on the name of the original creditor, Capital One, and not identifying that Merriman was in fact the entity on whose behalf EEC was collecting the Alleged Debt, the Enforcement Documents each falsely stated a business, company, or organization name other than Merriman's true name, EEC and Merriman violated the FDCPA in, *inter alia*, the following ways:

   (a) 15 U.S.C. §1692e(2) in that they made false representations of the character, amount, or legal status of the Alleged Debt;

   (b) 15 U.S.C. §1692e(5) in that they threatened, or by extension took, action that cannot legally be taken;

   (c) 15 U.S.C. §1692e(10) in that they made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

   (d) 15 U.S.C. §1692e(14) in that they used a business, company, or organization name other than the true name of Merriman;

   (e) 15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

   (f) 15 U.S.C. §1692f in that attempted to collect an amount not expressly authorized by the agreement creating the debt or otherwise permitted by law;

   (g) 15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

72. As a result and consequence of Defendants' violations of the FDCPA alleged herein, Plaintiff has been injured and is thus entitled to an award of damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FDCPA

## (New York General Business Law § 349)

73. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

74. Defendant EEC violated §349 by engaging in deceptive acts and practices in the conduct of business within New York State. Defendant EEC's violations include, but are not limited to, holding itself out as a traditional law firm while, upon information and belief, its operations are directed by non-attorneys.

75. Upon information and belief, it is Defendant EEC's regular practice to attempt to deceive and mislead New York consumers including the Plaintiff.

76. Plaintiff has suffered damages based upon the actions of Defendant EEC including, but not limited to, actual damages, emotional distress and mental anguish.

77. As a result of Defendants EEC's willful and malicious actions, and as a result of Defendants EEC's extreme wanton disregard for the rights of Plaintiff, he is entitled to punitive damages from Defendants.

WHEREFORE, Plaintiff seeks judgment in his favor and damages against Defendants, based on the following requested relief:

(a) Actual damages 15 U.S.C. § 1692k(a)(1);

(b) Statutory damages 15 U.S.C. § 1692k(a)(2);

(c) Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3);

(d) Statutory damages pursuant to NY GBL§ 349;

(e) Costs and reasonable attorney's fees pursuant to NY GBL§ 349; and

(f) Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
July 12, 2013

                                                                    **THE LAW OFFICES OF**
                                                                    **ROBERT J. NAHOUM, P.C.**
                                                                    *Attorneys for Plaintiff*

By: _____
                                                                   **ROBERT J. NAHOUM**
                                                                     **Attorney Id: RN4907**
99 Main Street, Suite 311
Nyack, NY 10960
(845) 450-2906
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com